UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE LEON PRICE,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | No.  2:25-cv-3325 CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding without counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  This proceeding is referred to the undersigned pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1).

On December 1, 2025, petitioner was ordered to file an application to proceed in forma pauperis or pay the appropriate filing fee.  (ECF No. 3.)  On December 29, 2025, petitioner filed a motion to proceed in forma pauperis.  (ECF No. 6.)  Examination of the motion to proceed in forma pauperis reveals that petitioner is unable to afford the costs of suit.  Accordingly, the motion to proceed in forma pauperis is granted.  See 28 U.S.C. § 1915(a).

As discussed below, the petition should be summarily dismissed.

I.      FACTS AND PROCEDURAL HISTORY

Petitioner challenges his 2024 conviction in the San Joaquin County Superior Court. (ECF No. 1 at 1.)  Petitioner was convicted of two counts of attempted murder, two counts of

1

assault with a semiautomatic firearm, shooting at an inhabited dwelling/vehicle, and carrying a loaded handgun not registered to owner.  (Id.)  Petitioner appealed the state court judgment in the California Court of Appeal.  (Id.)  According to the petition, petitioner's direct appeal is still pending.  (Id. at 2.)  Petitioner raises four grounds for relief.  (Id. at 4-5.)

II.    LEGAL STANDARDS

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1).  "Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court."  Harrington v. Richter, 562 U.S. 86, 103 (2011).  A petitioner satisfies this exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

A federal court may sua sponte raise a petitioner's failure to exhaust state court remedies.  See Granberry v. Greer, 481 U.S. 129, 134-35 (1987); Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992) (recognizing a federal court's power to sua sponte raise exhaustion issues).  Once a court determines that a habeas petition contains only unexhausted claims, it may dismiss the petition for failure to exhaust.  Rose v. Lundy, 455 U.S. 509, 521-22 (1982) (emphasizing that a court cannot consider a petition that has not been exhausted); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

III.   DISCUSSION

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition if it is plain that the petitioner is not entitled to relief.  See also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).  Here, it plainly appears from the face of the petition that all of the claims are unexhausted because they have not been raised in the California Supreme Court.  See Rule 4, Rules Governing Habeas Corpus Cases Under Section 2254.  Therefore, the habeas petition is wholly unexhausted and should be summarily dismissed without prejudice due to petitioner's failure to exhaust his state court remedies.  See Rose, 455 U.S. at 521-22.

IV.    MOTION FOR EXTENSION

On December 29, 2025, petitioner filed a motion for a 90 day extension of time because of the holidays.  (ECF No. 7 at 1.)  Petitioner claims he is "waiting to change institutions to start working and ask [his] family for money," and provided a copy of his inmate trust account statement.  (Id.)  In light of this order granting petitioner's motion to proceed in forma pauperis, petitioner's motion for extension of time is moot and is denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Petitioner's motion to proceed in forma pauperis (ECF No. 6) is granted;

2.  Petitioner's motion for extension of time (ECF No. 7) is denied; and

3.  The Clerk of the Court is directed to assign a district judge to this case, and to serve a copy of the petition filed in this case together with a copy of these findings and recommendations on the Attorney General of the State of California.

Further, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In the objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  Petitioner is advised that failure to file objections within the specified time may waive

3

the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 13, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/pric3325.156